# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **PROMISE N. ODUNZE,**<br><br>Plaintiff,<br><br>v.<br><br>**LAKE EFFECT, LLC; CELESTE HEWLETT; DOES I-X; ROE ENTITIES I-X**,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>• **OVERRULING [26] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>• **ADOPTING [24] REPORT AND RECOMMENDATION**<br><br>• **GRANTING [15][17] DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:24-cv-00341<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Magistrate Judge Cecilia M. Romero's Report and Recommendation to dismiss Plaintiff Promise N. Odunze's ("Mr. Odunze") Complaint.[1] Mr. Odunze filed a timely objection.[2] For the reasons below, the court overrules Mr. Odunze's objection, adopts the Report and Recommendation, and dismisses his Complaint with leave to file an amended complaint involving certain claims.

## BACKGROUND

Mr. Odunze filed his Complaint on May 13, 2024, asserting claims for race and gender discrimination, retaliation, hostile work environment, and wrongful termination under Title VII

---

[1] R. & R., ECF No. 24, filed January 17, 2025. The magistrate judge recommended dismissing certain aspects of the complaint with prejudice and others without prejudice.
[2] Pl.'s Obj. to Mag. J. R. & R. ("Obj."), ECF No. 26, filed on January 31, 2025.

of the Civil Rights Act of 1964 ("Title VII")[3] and the Utah Anti-Discrimination Act ("UADA"),[4] as well as state law claims for assault and battery and intentional infliction of emotional distress ("IIED").[5] Mr. Odunze's claims arise from the termination of his employment with Lake Effect, LLC ("Lake Effect") where he worked as a security guard under the supervision of Celeste Hewlett ("Ms. Hewlett").[6]

Mr. Odunze filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[7] The EEOC issued Mr. Odunze a Notice of Right to Sue letter ("Notice"), which was signed and dated on January 27, 2024.[8] The Notice states that Mr. Odunze was required to file a lawsuit based on the Notice within 90 days of receipt.[9] Mr. Odunze alleges he received the Notice on February 17, 2024.[10] Mr. Odunze filed his Complaint in this case on May 13, 2024, 107 days after the date of the Notice but 86 days after Mr. Odunze alleges he received the Notice.[11]

Defendants Lake Effect and Ms. Hewlett filed motions to dismiss on August 27 and 28, 2024, respectively.[12] On January 17, 2025, Magistrate Judge Cecilia M. Romero issued a Report and Recommendation in response to Defendants' motions to dismiss. Magistrate Judge Romero recommended the following:

> Hewlett's Motion to Dismiss (ECF 17) be GRANTED, Plaintiff's Title VII and UADA claims against Hewlett be dismissed with prejudice, Plaintiff's assault and battery and IIED claims against Hewlett be dismissed without prejudice, and

---

[3] 42 U.S.C. § 2000e.
[4] Utah Code Ann. § 34A-5-106.
[5] Compl. 6–17, ECF No. 1.
[6] Compl. ¶ 23.
[7] Compl. ¶ 6.
[8] Compl. ¶ 6; Notice, ECF No. 21-2, filed on September 27, 2024.
[9] Notice.
[10] Compl. ¶ 6.
[11] Compl. ¶ 6.
[12] Lake Effect, LLC's Mot. to Dismiss ("Lake Effect's Mot."), ECF No. 15, filed August 27, 2024; Hewlett's Mot. to Dismiss ("Hewlett's Mot."), ECF No. 17, filed August 28, 2024.

> Plaintiff be granted an opportunity to amend these state law claims. IT IS FURTHER RECOMMENDED that Lake Effect's Motion to Dismiss (ECF 15) be GRANTED, Plaintiff's claims against Lake Effect be dismissed without prejudice, and Plaintiff be granted an opportunity to amend his claims against Lake Effect.[13]

On January 31, 2025, Mr. Odunze timely objected to the Report and Recommendation.[14]

## LEGAL STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[15] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[16] This court "reviews unobjected-to portions of a report and recommendation for clear error."[17]

## DISCUSSION

Mr. Odunze focuses nearly the entirety of his objection on his Title VII claims against Lake Effect—specifically regarding when he received the Notice. The objection does not address the magistrate judge's dismissal with prejudice of the Title VII and UADA claims against Hewlett based on the fact that they do not apply against individual employees. Additionally, Mr. Odunze devotes a single sentence regarding the dismissal without prejudice of his state law causes of action, stating that "the R&R simply ignores the significant level of detail the Complaint used to allege and describe the facts concerning the state law causes of action" and

---

[13] R. & R. 8.
[14] ECF No. 26.
[15] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[16] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[17] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

applies a more stringent pleading standard than that articulated in *Iqbal* and *Twombly*.[18] This is not a cognizable objection, as objections must be timely and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[19] The court, reviewing the magistrate judge's latter two holdings for clear error, finds the analysis and conclusion to be sound and adopts the holdings.

As to Mr. Odunze's objection regarding his Title VII claims against Lake Effect, Mr. Odunze challenges the magistrate judge's conclusion that Mr. Odunze did not successfully rebut the presumption that when the receipt date of an EEOC right-to-sue letter is unknown or disputed, federal courts presume receipt dates ranging from three to seven days after the letter was mailed.[20] "A Title VII plaintiff must file her lawsuit within 90 days of receiving her right-to-sue notice from the EEOC."[21] "Generally, when the EEOC mails a right-to-sue letter, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."[22] However, this presumption can be rebutted upon sufficient evidence by the plaintiff.[23] In doing so, the plaintiff must show that his failure to receive the right-to-sue letter was not his fault.[24]

---

[18] Obj. 13. Mr. Odunze also argues that by allowing leave to amend, the magistrate judge implicitly found that he stated sufficient facts to support his causes of action. Obj. 3–4. This is an incorrect interpretation. Instead, the magistrate judge concluded that it is not obvious that providing Mr. Odunze leave to amend his Complaint would be futile, and therefore recommended allowing Mr. Odunze to do so. R. & R. 5, 7. This was true, in part, because the court declined to consider Mr. Odunze's exhibits attached to his Opposition to Defendants' motions to dismiss.
[19] *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996); Fed. R. Civ. P. 72(b)(3).
[20] *See* R. & R. 6–7.
[21] *Brown v. Spring Creek Healthcare*, No. 2:23-cv-00436-DBB-JCB, 2023 WL 8455416, at *2 (D. Utah Dec. 6, 2023); *see also* Notice ("your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice").
[22] *Panicker v. Compass Grp. U.S.A., Inc.*, 712 F. App'x 784, 786 (10th Cir. 2017) (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001)).
[23] *Id.*
[24] *Id.* (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (per curiam)); *Fulbright v. Water Sys. Eng'g, Inc.*, No. 21-2191-DDC-TJJ, 2021 WL 5161756, at *7 (D. Kan. Nov. 5, 2021) (finding plaintiff's Title VII claims time barred despite arguments of non-receipt based on her failure to timely update EEOC with her new residential address).

First, Mr. Odunze argues that the court improperly accepted Lake Effect's "fiction" about when he received the EEOC right to sue letter.[25] Not so. Instead, the magistrate judge applied a presumption sanctioned by the Tenth Circuit that a right-to-sue letter is presumably received within three to seven days after it is mailed.[26] This presumption is not limited to claimants represented by an attorney.[27]

Second, Mr. Odunze argued that he met this presumption because he showed that the actual notice and receipt occurred at a later date.[28] Specifically, he points to the allegation in the Complaint that he received the Notice on February 17, 2024,[29] as well as his declaration and an envelope with a February 16, 2024 mailing date from Albuquerque, New Mexico—both of which were attached as exhibits to Mr. Odunze's Opposition to Defendants' motions to dismiss.[30] The Complaint's unsubstantiated allegation that he received the Notice on February 17, 2024—21 days after the signed date on the Notice—is insufficient to rebut this presumption. Additionally, the magistrate judge correctly declined consideration of the two attached exhibits, as they were not contained in the four corners of the Complaint or attached thereto.[31]

---

[25] Obj. 2.
[26] *See Panicker*, 712 F. App'x at 786 (citing *Lozano*, 258 F.3d at 1164).
[27] *See Panicker*, 712 F. App'x at 784–85.
[28] Obj. 4
[29] Compl. ¶ 6.
[30] ECF Nos. 19-1, 19-2; Obj. 8–9.
[31] When evaluating a 12(b)(6) motion to dismiss, the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

5

Accordingly, Mr. Odunze presented no evidence rebutting the presumption that the court could properly consider.[32] This is why the court allowed Mr. Odunze leave to amend his Complaint.[33]

Third, Mr. Odunze argues that the court improperly considered documents Lake Effect attached to its motion to dismiss, as well as new arguments raised for the first time in its Reply.[34] However, Mr. Odunze does not point to any specific evidence to support this claim, and the court sees none. The magistrate judge did not mention or rely on any documents attached to Lake Effect's motion to dismiss.[35] Additionally, aside from noting Lake Effect's arguments in its Reply—which were not procedurally improper as they responded to Mr. Odunze's Opposition—the magistrate judge did not find a need to consider them because "the allegations in Plaintiff's Response and attached exhibits are not found in his Complaint."[36]

Accordingly, because Magistrate Judge Romero's analysis and conclusion are both sound and correct, the court ADOPTS the Report and Recommendation. Therefore, (i) Defendant Hewlett's motion to dismiss is GRANTED;[37] (ii) Plaintiff's Title VII and UADA claims against Hewlett are DISMISSED with prejudice; (iii) Plaintiff's assault and battery and IIED claims against Hewlett are dismissed without prejudice; (iv) Plaintiff may amend his state law claims against Hewlett; (v) Defendant Lake Effect's motion to dismiss is GRANTED;[38] (vi) Plaintiff's

---

[32] Mr. Odunze contends that the Complaint "squarely references" the February 16, 2024 envelope, but this is incorrect. The Complaint does not mention any "envelope," nor any document sent on February 16, 2024. Mr. Odunze further contends that the Notice and the envelope are the same, but the court disagrees. The Notice is dated January 27, 2024, while the envelope is dated February 16, 2024. They are two different documents presented for different purposes and created at different times.
[33] When filing an amended complaint, Mr. Odunze should include any additional allegations and exhibits that would aid in rebutting the presumption of when he received the Notice.
[34] Obj. 8–9.
[35] The court notes that it can rely on the Notice because it was explicitly referenced in the Complaint and Mr. Odunze seemingly attempted to attach it as an exhibit. Compl. ¶ 6 (incorrectly stating that a copy of the Notice was attached as Exhibit 1).
[36] R. & R. 7.
[37] ECF No. 17.
[38] ECF No. 15.

claims against Lake Effect are DISMISSED without prejudice; and (vii) Plaintiff may amend his claims against Lake Effect. Any amended complaint must be filed within 30 days of this Order.

Signed February 12, 2025.

BY THE COURT

David Barlow
United States District Judge