IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PROMISE N. ODUNZE,<br><br>                     Plaintiff,<br><br>v.<br><br>LAKE EFFECT, et al.,<br><br>                     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [102] MOTION TO WITHDRAW ADMISSIONS OF DEFENDANT CELESTE HEWLETT AND DENYING [104] LAKE EFFECT'S MOTION TO WITHDRAW AS MOOT<br><br>Case No. 2:24-cv-00341-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

      This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Before the court is Defendant Celeste Hewlett's (Hewlett) Motion to Withdraw Admissions Pursuant to Rule 36(b) (Hewlett's Motion) (ECF 102). Also before the court is Defendant Lake Effect's (Lake Effect) Motion to Withdraw Admissions (Lake Effect's Motion) (ECF 104) joining in Hewlett's Motion. After two permitted extensions (ECF 126, 134), on February 2, 2026, Plaintiff submitted an Opposition (ECF 141) to both Hewlett's Motion and Lake Effect's Motion. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motions based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS Hewlett's Motion (ECF 102) and DENIES Lake Effect's Motion (ECF 104) as moot.

                                          I.        **BACKGROUND**

      The present discovery dispute arises from Hewlett's untimely response to Plaintiff Promise Odunze's (Odunze or Plaintiff) Requests for Admission. Counsel for Hewlett indicates timely responses to the admissions were prepared and successfully served on Lake Effect but due to an

email error, were not timely served on Plaintiff (ECF 102 at 2). Specifically, the deadline for Hewlett to serve responses was October 20, 2025 (*id.*). On this date, the responses meant for delivery to Plaintiff were sent to promise*0*24@gmail, instead of to promise*o*24@gmail.com (*id.*). The error is a number "0" was inserted in the email as opposed to a letter "o" (*id.*). As a result of this, Plaintiff did not receive the email containing Hewlett's responses within the 30 days permitted under Rule 36 (*id.*). Upon discovery of the error, Hewlett re-served the responses to Plaintiff's correct email address on November 22, 2025 (*id.*). In Plaintiff's Opposition,[1] Plaintiff does agree he received late responses to the requests for admissions (indicating the responses to the requests for admissions were 33 days late) (ECF 141 at 11).

On December 16, 2025, Plaintiff filed a Motion for Summary Judgment (ECF 94) seeking summary judgment on all of his claims against Lake Effect and Hewlett based in part on Hewlett's admissions. On December 18, 2025, Hewlett filed the present Motion to Withdraw Admissions (ECF 102) asking the court to allow her to withdraw her admissions based on her inadvertence. On December 22, 2025, Lake Effect filed its own Motion to Withdraw Admissions requesting the same relief as Hewlett's Motion, arguing that Plaintiff is incorrectly pursuing liability against Lake Effect based on Hewlett's failure to timely file responses (ECF 104).

II. **LEGAL STANDARD**

Rule 36(a) of the Federal Rules of Civil Procedure, provides that "[a] party may serve on any party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)." Rule 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard v. Group Pub., Inc.*,

---

[1] Plaintiff's Opposition mainly focuses on other discovery disputes including Plaintiff's arguments that interrogatory responses are incomplete, depositions have not been scheduled, and the lack of responsive documents to discovery requests, which the court declines to consider herein as other motions remain pending and lodged regarding these issues.

2

970 F. Supp. 2d 1206, 1220 (D. Colo. 2013) (citing *Bergemann v. United States,* 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.")). "'The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made.'" *Id*. (quoting 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994)). Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). "The court may permit such withdrawal or amendment 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Id.* (quoting Fed. R. Civ. P. 36(b)).

### III.   DISCUSSION

As a preliminary matter, there is no dispute that because Hewlett did not respond timely to Plaintiff's twenty-five Requests for Admission, they are deemed admitted as to Hewlett (*see* ECF 102-1). However, the court next turns to Rule 36(b) to determine if withdrawal and amendment is warranted.

Plaintiff's claims arise from the termination of his employment with Lake Effect where he worked as a security guard under the supervision of Hewlett (Am. Compl., ECF 32 ¶ 30). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, and the Utah Anti-Discrimination Act (UADA), Utah Code Ann. § 34A-5-106, as well as state law claims (*id.* at 32–37). In light of these claims, the presentation of the merits of this action will be subserved if withdrawal is not permitted. Despite Plaintiff's argument to the contrary in his opposition, the admissions at issue "concede the core elements of [Odunze's] case." *See Raiser*,

3

409 F.3d at 1246. By way of example, the admissions include the following disputed factual issues of whether: Hewlett "assaulted" Odunze; Hewlett "battered" Odunze; Hewlett "slapped" Odunze; Hewlett "touched [Odunze's] buttocks" while "intoxicated"; Lake Effect employees used "derogatory" and "sexualized language" toward Odunze'; no investigation was completed, video and audio was not preserved and Odunze "was treated differently than similarly situated employees"; and Lake Effect "did not apply its disciplinary policies consistently across employees of different races or genders" (ECF 102 at Ex. 3, RFA Nos. 1, 2, 3, 5, 6, 9, 10, 11–17, and 23). Because "upholding the admissions would practically eliminate any presentation of the merits of the case," the first factor under Rule 36(b) is established. *See Raiser*, 409 F.3d at 1246.

Withdrawal will not result in prejudice to Odunze. Plaintiff argues prejudice in that there has been a delay, interruption of trial readiness, and a motion for summary judgment was filed relying in part on the admissions.[2] However, "[m]ere inconvenience does not constitute prejudice for this purpose. 'The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required.'" *Raiser*, 409 F.3d at 1246 (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir.

---

[2] Plaintiff also argues Hewlett "was instantly sent an error message from Google's gmail system indicating that promise024@gmail.com doesn't exist" (ECF 141 at 5). In support of this argument, Plaintiff points to Exhibit 3 to his Response, which appears to be an error message sent to the email address "emilyodunze@gmail.com" from Google stating that the email address "promise024@gmail.com" was not found (ECF 141-3). Emily Odunze is not listed as a party to this action. Evidence that a non-party received an error message does not support that counsel for Hewlett received or viewed such an error message "instantly." This evidence thus does not refute Hewlett's assertion that "[u]pon discovery of the error, Hewlett immediately re-served the response to Odunze's correct email address" (ECF 102 at 2).

1987)).³ Moreover, Plaintiff preparing a summary judgment motion (ECF 94) in reliance on erroneous admissions is the type of inconvenience that does not constitute prejudice. *See id*. Given that no prejudice has been demonstrated as to a difficulty "a party may face in proving its case" or unavailable key witnesses or any other prejudice, the court is unable to find prejudice to Plaintiff. *See id*. at 1246.

## IV.   CONCLUSION

For the reasons set forth above, the court GRANTS Hewlett's Motion (ECF 102). In light of this ruling, the court DENIES Lake Effect's Motion (ECF 104) requesting the same relief as moot.

IT IS SO ORDERED.

DATED this 4 February 2026.

*[signature: Cecilia M. Romero]*

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

³ In support of his arguments, Plaintiff primarily relies on cases that reference the "excusable neglect" standard under Rule 6(b), which is not the applicable standard for withdrawal of admission under Rule 36 (ECF 141 at 8). Plaintiff also relies on cases from outside of the Tenth Circuit, which the court notes are not controlling and does not find to be persuasive (*id.* at 9). Finally, Plaintiff cites to a case entitled "Wylie v. Ceva Logistics: 2021 WL 5040183 (E.D. Pa. Nov. 1, 2021)" (*id.* at 3) that the court was unable to locate. If artificial intelligence technology is being used, Plaintiff is admonished to be in compliance with Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(b)(2) (requiring representations to the court consist of "legal contentions warranted by existing law"). Continued misconduct of this nature may lead to sanctions.