---

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

---

| | |
|---|---|
| PROMISE N. ODUNZE,<br><br>Plaintiff,<br><br>v.<br><br>LAKE EFFECT, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S [184] OBJECTION, ADOPTING IN PART AND MODIFYING IN PART [145] REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S [38] MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S [64] MOTION TO AMEND AND [75] MOTION FOR EQUITABLE TOLLING**<br><br>Case No. 2:24-cv-00341-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Promise N. Odunze's Objection[1] to the magistrate judge Report and Recommendation ("Report")[2] recommending that Defendant Lake Effect's Motion for Summary Judgment[3] be granted and that Plaintiff's Motion for Equitable Tolling[4] and Motion to Amend[5] be denied.

## BACKGROUND

This case is based on allegations by Plaintiff Promise Odunze that he was racially and sexually discriminated against by Defendants while working as their employee.[6] Mr. Odunze is

---

[1] Plaintiff's Objection to Report and Recommendation ("Objection"), ECF No. 184, filed March 20, 2026.
[2] Report and Recommendation ("Report"), ECF No. 145, entered Feb. 6, 2026.
[3] Motion for Summary Judgment ("Lake Effect MSJ"), ECF No. 38, file Apr. 22, 2025.
[4] Motion for Equitable Tolling, ECF No. 75, filed Aug. 18, 2025.
[5] Motion to Amend Opp'n, ECF No. 64, filed Aug. 4, 2025.
[6] *See generally* First Amended Complaint ("Amended Complaint"), ECF No. 32, filed Mar. 14, 2025.

1

proceeding *pro se* in this case, which was referred to Magistrate Judge Romero under 28 U.S.C. 636(b)(1)(B).[7] On April 22, 2025, Defendant Lake Effect filed a Motion for Summary Judgment on all of Plaintiff's claims.[8] In part, that Motion argued that Plaintiff's Title VII claims should be dismissed because he failed to file them within the statutory 90-day period set forth in 42 U.S.C. § 2000e-5(f)(1).[9] On July 15, 2025, Mr. Odunze filed his Opposition to the Motion for Summary Judgment.[10] Shortly thereafter, he filed a motion to amend his Opposition to correct some typographical errors and add additional analysis and argument.[11] Then, on August 18, 2025, he filed a Motion for Equitable Tolling asking the court to toll the 90-day deadline for filing suit under Title VII.[12] On Feb. 6, 2026, the magistrate judge entered the Report, which recommended that Mr. Odunze's Title VII claims against Lake Effect be dismissed on their merits and that the court decline to exercise jurisdiction over the remaining state law claims.[13] The Report also recommended denial of the motions to amend and for equitable tolling.[14]

## STATEMENT OF FACTS

On June 10, 2022, Mr. Odunze filed a Charge of Discrimination with the EEOC.[15] On January 27, 2024, the EEOC issued a Determination and Notice of Rights concluding that it would not investigate the claims any further and granting Mr. Odunze the right to file a lawsuit within 90 days.[16] That same day, the EEOC uploaded the notice of right to sue to Mr. Odunze's

---

[7] *See* ECF No. 4.
[8] MSJ 14–15.
[9] *Id.* at 7.
[10] Opposition to Motion for Summary Judgment ("Opp'n"), ECF No. 56, filed July 15, 2025.
[11] Motion to Amend Opp'n 2.
[12] Motion for Equitable Tolling 1.
[13] Report 17–18.
[14] *Id.*
[15] Charge of Discrimination, ECF No. 38-1 at 1–2, filed Apr. 22, 2025.
[16] Determination and Notice of Rights, ECF No. 38-1 at 4–7, filed Apr. 22, 2025.

EEOC Public Portal account and sent him an email stating that a new document related to his discrimination charge was available to download.[17] Eight days later, on February 4, 2024, the EEOC sent Mr. Odunze a second email stating "REMINDER: Important Document Available," informing him that "EEOC has made a decision" regarding his discrimination charge, and that the decision document was available to review and download on his EEOC Public Portal.[18]

On February 16, 2024, the EEOC sent Mr. Odunze a physical letter containing the Determination and Notice of Rights.[19] Mr. Odunze opened the letter and read the Notice sometime between February 17 and February 20, 2024.[20] The Notice stated in part:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**. Receipt generally occurs on the date that you (or your representative) view this document.[21]

Mr. Odunze filed this lawsuit on May 13, 2024,[22] 107 days after the first notice email was sent, 99 days after the second notice email was sent, and 83–86 days after he received the notice letter. Plaintiff has stated in a sworn declaration that the February letter was the first EEOC communication that he observed, read, or became aware of in 2024.[23]

### STANDARD

When resolving objections to a Report and Recommendation, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed

---

[17] EEOC Activity Log 13, 15, ECF NO. 38-1 at 13–15, filed Apr. 22, 2025; *see also* Jan. 27, 2024, EEOC Email, ECF No. 184-6, filed Mar. 20, 2026.

[18] EEOC Activity Log 13; *see also* Feb. 4, 2024, EEOC Email, ECF No. 184-7, filed Mar. 20, 2026.

[19] EEOC Envelope, ECF No. 56-1 at 17, filed July 15, 2025.

[20] Odunze Declaration (Opp'n) ¶ 14, ECF No, 56-1 at 5–15, filed Mar. 20, 2026.

[21] Determination and Notice of Rights 4 (emphasis in original).

[22] Complaint, ECF No. 1, filed May 13, 2024.

[23] Odunze Declaration (Opp'n) ¶ 16.

findings or recommendations to which objection is made."[24] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[25] When a party objects to a magistrate judge's ruling on a nondispositive matter, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[26]

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[28] The movant "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[29] When viewing the record, the court "draw[s] all reasonable inferences therefrom most favorably to the nonmovant."[30]

## DISCUSSION

### I.      Motion for Summary Judgment

Mr. Odunze makes numerous objections to the magistrate judge's reasoning and conclusions related to Lake Effect's Motion for Summary Judgment.[31] The court will review the objected-to portions of the Report *de novo*.[32] Plaintiff objects that (1) the magistrate judge did not apply the correct legal standard at the summary judgment stage,[33] (2) the Report considers

---

[24] 28 U.S.C. § 636(b)(1)(C) (2018).
[25] *Id.*
[26] Fed. R. Civ. P. 72(a).
[27] Fed. R. Civ. P. 56(a).
[28] *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1169 (10th Cir. 2021) (citation omitted).
[29] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[30] *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (citation omitted).
[31] *See generally* Objection.
[32] Fed. R. Civ. P. 72(b)(3).
[33] Objection at 6–13 (Objection Nos. 1, 2, 3, 4, 5).

inadmissible evidence,[34] (3) the magistrate judge incorrectly held that the EEOC emails could constitute notice,[35] and (4) the magistrate judge misrepresented and failed to credit Plaintiff's sworn declaration and arguments.[36]

### A.    Evidence and Factual Disputes

In support of its Motion, Lake Effect attached several documents as exhibits, including EEOC email logs and activity logs that Lake Effect received as part of a Freedom of Information Act request.[37] Mr. Odunze argued in his Opposition that these exhibits are "inadmissible" because they are "filled with hearsay."[38] He makes the same argument in his Objection and contends that the magistrate judge erred in relying on the exhibits because their reliability has been questioned.[39] Lake Effect responded that its exhibits would be admissible at trial as administrative or agency records that could be authenticated by a record custodian.[40] It also included a signed letter from an EEOC director indicating that the logs consisted of agency records.[41]

Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[42] "This does not mean that evidence must be submitted 'in a form that would be

---

[34] *Id.* (Objection No. 8).
[35] *Id.* (Objection Nos. 6, 7, 12).
[36] *Id.* (Objection Nos. 9, 10, 11, 13, 15).
[37] *See* Lake Effect MSJ Exhibits, ECF No. 38-1, filed April 22, 2025.
[38] Opp'n 5.
[39] Objection 10.
[40] Reply 2–3; *see also* Fed. R Evid. 803(6).
[41] EEOC FOIA Response8, ECF No. 38-1 at 8–10, filed April 22, 2025.
[42] Fed. R. Civ. P. 56(c)(2).

admissible at trial,'"[43] only that "the content or substance of the evidence must be admissible."[44] The court finds that Lake Effect's attached EEOC activity log and email log exhibits contain information that would be admissible at trial as records of the EEOC's regularly conducted activity.[45] It was not erroneous to consider them in granting the Motion for Summary Judgment.

Mr. Odunze also objects to the use of Lake Effect's exhibits because their accuracy and credibility is "reasonably disputed."[46] This goes to Plaintiff's broader objection that the magistrate judge failed to consider that a genuine factual dispute exists that precludes summary judgment.[47] In support of his Opposition to the Motion, Plaintiff attached a sworn declaration that mixes factual statements, legal argument, and restatements of his underlying allegations.[48] The Report concludes that "the undisputed evidence shows that the EEOC emailed the Notice of Right to Sue to Plaintiff on January 27, 2024."[49] It also finds that "Plaintiff's statement that he did not actually view the Notice of Right to Sue in the EEOC portal until either February 17–20th or April 21, 2024, fails to create a material dispute of fact" in part because it is based on statements of belief.[50]

Plaintiff's Declaration states in part:

I believe I received and opened the EEOC Envelope on February 17, 2024 however I also believe it's possible that I instead received and opened the EEOC Envelope on the 18th, 19th or 20th of February 2024 and I know with absolute certainty the

---

[43] *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

[44] *Argo v. Blue Cross & Blue Shield of Kansas, Inc*., 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting *Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 485 (10th Cir. 1995)).

[45] Fed. R Evid. 803(6).

[46] Objection 10.

[47] *See generally id.*

[48] *See* Odunze Declaration (Opp'n).

[49] Report 12.

[50] *Id.* at 12–13.

6

> EEOC Envelope was received and opened by me no earlier than February 17, 2024 and no later than February 20, 2024.[51]

Mr. Odunze objects that this statement is based on personal knowledge rather than mere belief and that the magistrate judge mischaracterized the statement as applying to the EEOC online notice rather than the mailed letter.[52]

The Tenth Circuit has explained that "a court may rely upon affidavits stating personal knowledge of the receipt date" when determining the receipt date of a communication.[53] Personal knowledge must be "based on the affiant's actual perceptions or observations as opposed to statements of mere belief."[54] In this case, the court agrees with Mr. Odunze that paragraph fourteen of his declaration is based on personal knowledge. Though he uses the phrase "I believe" to express uncertainty about the specific date of receipt, he unambiguously declares based on his personal knowledge that receipt occurred within a four-day period.[55] Even so, as discussed below, the magistrate judge did not err in finding that Mr. Odunze failed to create any material dispute of fact.

Lake Effect's exhibits provide evidence that Mr. Odunze received emails from the EEOC on January 27 and February 4, 2024, informing him that new documents were available to access and download on his Portal.[56] Mr. Odunze's declaration is evidence of the date he received the EEOC letter and that he never saw the emails prior to receiving the letter,[57] but it does not

---

[51] Odunze Declaration (Opp'n) ¶ 14.
[52] Objection 10–11.
[53] *Lozano v. Ashcroft*, 258 F.3d 1160, 1166 (10th Cir. 2001).
[54] *Nuss v. Utah Orthopaedic Assocs., P.C.*, No. 2:09-CV-647 TS, 2011 WL 3328708, at *1 (D. Utah Aug. 2, 2011) (quoting *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (2006)).
[55] Odunze Declaration (Opp'n) ¶ 14.
[56] *See* EEOC Activity Log 13.
[57] Odunze Declaration ¶¶ 14, 16.

include any statement that he did not receive the emails. Mr. Odunze argues that the EEOC email logs are not credible, noting that they say documents were "added" rather than "sent" and that his email address is redacted in the logs.[58] But this argument is insufficient to rebut the EEOC activity logs, which show that the relevant emails were sent to Mr. Odunze.[59] Mr. Odunze does not provide any evidence, or even directly state in his declaration, that he did not receive the EEOC emails.[60] To the contrary, he includes the emails as exhibits to his Objection, confirming that they were received at his email address on the dates indicated in the EEOC email log.[61]

No genuine dispute of material fact exists regarding the dates on which Mr. Odunze received his various communications from the EEOC. To the extent the magistrate judge failed to interpret the evidence in the light most favorable to the nonmoving party,[62] such error was harmless because even accepting each factual assertion in Mr. Odunze's declaration as true, there is no genuine dispute that he received the emails on the indicated dates. The court further finds that the magistrate judge applied the correct legal standard on summary judgment regarding the application of law to these undisputed facts.

### B.    EEOC Email Notice

The Report concludes that receipt of the EEOC right to sue notice under 42 U.S.C. § 2000e-5(f)(1) occurred on January 27, 2024, when Mr. Odunze received the first EEOC notice email.[63] In his Objection, Mr. Odunze notes that courts are split as to the efficacy of EEOC

---

[58] *Id.* ¶¶ 53, 54; Opp'n 19–20.
[59] EEOC Activity Log 13.
[60] *See* Fed. R. Civ. P. 56(c)(1).
[61] Jan. 27, 2024, EEOC Email; Feb. 4, 2024, EEOC Email; *see also* Odunze Declaration (Objection) ¶ 19, ECF No. 184-1, filed Mar. 20, 2026 (stating that Mr. Odunze was able to find both emails in his inbox when he searched for them sometime after the lawsuit was filed).
[62] *See* Objection 7.
[63] Report 12.

emails as notice under 42 U.S.C. § 2000e-5(f)(1).[64] He argues that the emails here would not constitute adequate notice in the First Circuit and that the magistrate judge erred in failing to apply the First Circuit test.[65] He also argues that the split standards creates a genuine issue of material fact for the jury to decide.[66] As to this latter objection, Mr. Odunze is incorrect. The application of law to undisputed facts is a question of law for the court, not a question of fact for the jury.[67] The existence of a circuit split and differing applications of the Title VII right to sue requirement does not create a question of fact for a jury, but it does constitute a question of law that the court must decide *de novo*.

The Report states that "when the EEOC emails a right-to-sue notice, receipt generally occurs when the email reaches the inbox of the party (or that of the party's counsel)."[68] This is accurate, but it does not fully describe the situation here. In this case, the EEOC did not email Mr. Odunze a right to sue notice; rather, the EEOC first emailed him notice that an unspecified document was available to view relating to his charge, and then followed up with an email stating an "important document" was available and that "EEOC has made a decision" in his case, along with a link to the EEOC Public Portal.[69] The Tenth Circuit has not directly addressed such a scenario. Other circuit and district courts have reached differing conclusions on various fact patterns.

---

[64] Objection 9.
[65] *Id.* at 8.
[66] *Id.* at 11.
[67] *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1079 (10th Cir. 2001) ("[I]t is axiomatic that the jury's role is as fact-finder. Juries are not empowered to decide questions of law.").
[68] Report 11 (quoting *Kandt v. City of Garden City, Kansas*, No. 23-2043-DDC-TJJ, 2025 WL 859865, *4 (D. Kan. Mar. 19, 2025).
[69] EEOC Activity Log 13.; Jan. 27, 2024, EEOC Email; Feb. 4, 2024, EEOC Email.

### 1.    Case Law from Other Circuits

As already stated, the 90-day filing requirement arises under 42 U.S.C. § 2000e-5(f)(1). This section provides that, if the EEOC dismisses or declines to pursue a charge, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."[70]

The Seventh Circuit first addressed the issue of email notice in *Lax v. Mayorkas*.[71] In *Lax*, an employee who filed an EEO charge received an email from the EEO with the subject line "Final Action" that stated, "Attached is the Agency's Final Action in the case."[72] The email contained an attachment that included a Notice of Right to Sue ("NRTS"), but the employee was unable to open the attachment until the following day.[73] The court concluded that the notice was received on the day the employee got the email, not when he opened and read the attached NRTS.[74]

The Eighth Circuit found *Lax* to be persuasive and adopted an even broader notice standard in *McDonald v. St. Louis University*.[75] In *McDonald*, a woman filed a charge with the EEOC.[76] The EEOC sent an email to her lawyer saying that "a new document was added" to her case and containing a link to view the document through her EEOC Public Portal.[77] The EEOC then sent a reminder email that an "important document" was available and that a decision had

---

[70] 42 U.S.C. § 2000e-5(f)(1).
[71] *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021).
[72] *Id.* at 1180–81.
[73] *Id.*
[74] *Id.* at 1182–83.
[75] *McDonald v. St. Louis Univ.,* 109 F.4th 1068, 1071 (8th Cir. 2024).
[76] *Id.*
[77] *Id.* at 1070.

been reached on her charge.[78] The lawyer did not access the NRTS letter on the EEOC Public Portal because he had lost his password to log in, and he eventually requested and received an emailed version.[79] The court held that the woman received notice on the date the first email was sent even though her lawyer did not access the actual letter until later.[80]

The Seventh Circuit again addressed the issue in *Kinder v. Marion County Prosecutor's Office*.[81] There, an attorney received an EEOC email stating that a new document had been added to the EEOC Portal related to his client's charge.[82] The EEOC sent a follow-up email stating that the "charge was closed" and noting that the NRTS could be viewed in the portal.[83] Due to technical difficulties accessing the portal, the attorney did not view the actual NRTS letter until a month after the second email.[84] The court concluded that, at a minimum, the employee received notice via her attorney when he got the second email informing him that the NRTS was available.[85] The court declined to decide whether it would follow *McDonald* in holding that the first letter describing only a "new document" also qualified as notice.[86]

The First Circuit took a different path in *Garcia-Gesualdo v. Honeywell Aerospace of Puerto Rico, Inc.*[87] In *Garcia*, a woman filed a charge with the EEOC, and the EEOC issued a NRTS letter.[88] The EEOC sent the woman's attorney an email that noted "a new document" had

---

[78] *Id.*
[79] *Id.*
[80] *Id.* at 1071.
[81] *Kinder v. Marion Cnty. Prosecutor's Off.,* 132 F.4th 1005, 1009 (7th Cir. 2025).
[82] *Id.* at 1007.
[83] *Id.*
[84] *Id.*
[85] *Id.* at 1009.
[86] *Id.*
[87] *Garcia-Gesualdo v. Honeywell Aerospace of Puerto Rico, Inc.*, 135 F.4th 10, 18 (1st Cir. 2025).
[88] *Id.* at 13.

11

been added to the charge and included a hyperlink to the EEOC online portal.[89] A reminder email stating that the EEOC had made a decision regarding the charge was later sent as well.[90] The attorney was unable to access the portal due to technical difficulties and did not see the NRTS letter until he was sent a PDF copy.[91] The First Circuit declined to follow *McDonald*, holding instead that "in order for an email that does not attach the right-to-sue letter itself to provide notice, it must 'indicate without ambiguity' that the EEOC has reached a final decision and that the claimant has ninety days to bring suit if they so wish."[92] It explained that notice of an unspecified EEOC decision is insufficient because it would unnecessarily burden claimants by "requiring them to immediately follow a link, log into the online portal, and download a document without having received any indication as to the nature or import of the newly available document."[93]

Later, the Ninth Circuit in *Asuncion v. Hegseth* considered the holdings in *Lax*, *McDonald*, *Kinder*, and *Garcia* when faced with a similar situation.[94] It agreed with the First Circuit that an email with a link to a NRTS can only provide sufficient notice if the email itself "also provide[s] information with respect to the link that would satisfy the notice requirement."[95] The court determined that the 90-day limitation period does not begin until a claimant can "realistically be held responsible for having access" to the NRTS letter.[96]

---

[89] *Id.*

[90] *Id.* at 13–14.

[91] *Id.* at 14.

[92] *Id.* at 18 (quoting 4 *Larson on Employment Discrimination* § 74.04[8] (2d ed. 2019)).

[93] *Id.*

[94] *Asuncion v. Hegseth*, 150 F.4th 1252, 1259 (9th Cir. 2025).

[95] *Id.*

[96] *Id.*

Finally, though no appellate decisions addressing the question have been issued in their circuits, district courts in the Fourth, Fifth, and Sixth Circuits have followed the *McDonald* court's conclusion that the 90-day period begins when a claimant receives an EEOC email informing them that a document is available to download.[97]

### 2.   Mr. Odunze's EEOC Emails

Other district courts within the Tenth Circuit have concluded that EEOC emails informing claimants that new documents are available to download, along with links to reach NRTS letters, qualify as notice under 42 U.S.C. § 2000e-5(f)(1).[98] In this case, the magistrate judge concluded that the EEOC emails constituted notice from the EEOC and started the 90-day period for Plaintiff to file a lawsuit.[99] Mr. Odunze objects that the standard adopted by the First and Ninth Circuits in *Garcia* and *Asuncion* is correct and should be applied to his claims.[100]

The court concludes that the *McDonald* approach is most applicable to the facts of Mr. Odunze's case. In light of modern technology, there generally is little reason to distinguish between an email that includes an attached NRTS letter and an email that includes a link to a NRTS letter or instructions to access such a document. In both instances, access to the letter is readily available to the claimant from just a simple series of clicks. Additionally, Mr. Odunze's

---

[97] *See, e.g., Alfredo v. MBM Fabricating Co. Inc.,* No. 23-CV-10526, 2024 WL 1334305, at *3 (E.D. Mich. Mar. 28, 2024), *reconsideration denied,* No. 23-CV-10526, 2025 WL 77239 (E.D. Mich. Jan. 10, 2025), *reconsideration denied,* No. 23-CV-10526, 2025 WL 1143256 (E.D. Mich. Apr. 16, 2025) (holding that "transmission of a communication to an electronic portal, coupled with notice that the portal contains a communication, is sufficient to constitute "receipt" in the computer age."); *Patton v. Bodacious Bar & Q*, No. CV 22-6040, 2024 WL 3330615, at *2 (W.D. La. July 8, 2024) (same); *Shields v. Verizon Maryland, LLC*, No. 1:23-CV-02932-JMC, 2024 WL 1050996, at *10 (D. Md. Mar. 11, 2024), *appeal dismissed*, No. 24-1317, 2024 WL 4531487 (4th Cir. May 17, 2024) (same).

[98] *See Bautista v. Charles Schwab & Co.*, No. 23-CV-01779-RMR-KAS, 2025 WL 2576504, at *3 (D. Colo. Sept. 4, 2025); *Cerroni v. Smith's Food & Drug Centers, Inc.*, No. 2:23-CV-00005-JCB, 2023 WL 3467466, at *2 (D. Utah May 15, 2023).

[99] Report 12.

[100] Objection 8.

situation is factually distinct from those considered by the First and Ninth Circuits. In *Garcia* and *Asuncion*, the claimants who received the EEOC emails were unable to access the links to the NRTS letters for reasons beyond their control.[101] In such a scenario, it may make sense to analyze the sufficiency of the email itself to determine whether notice was sufficient because the claimant has no other way to access the agency's decision.[102]

In contrast, Mr. Odunze never argued that he was unable to access his portal from the links provided, and he has not offered any evidence to that effect. He only states that he did not see the emails when they arrived.[103] Thus, the EEOC emails provided notice to Mr. Odunze that documents related to his charge had been made available and provided him with easy access to those documents.[104] The second email even directly stated that the EEOC had reached a decision on his charge and urged him to log into his EEOC Public Portal to view that decision.[105] To find that these emails did not start the 90-day period would be akin to saying that a claimant who receives a NRTS letter in an envelope with an EEOC return address can indefinitely postpone the 90-day filing period by simply failing or refusing to open the letter.[106]

The Tenth Circuit has said that "a Title VII 'plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.'"[107] It is not unnecessarily burdensome to require a plaintiff who files a discrimination charge to promptly

---

[101] *Garcia*, 135 F.4th at 13–14; *Asuncion*, 150 F. 4th at 1255.
[102] *But see McDonald,* 109 F.4th at 1071–72 (explaining that the claimant's attorney lost the EEOC password and failed to diligently seek access to the Portal or the NRTS letter).
[103] Odunze Declaration (Opp'n) ¶ 16.
[104] Jan. 27, 2024, EEOC Email; Feb. 4, 2024, EEOC Email.
[105] Feb. 4, 2024, EEOC Email.
[106] *See McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-CV-1809, 2022 WL 1017388, at *4 (W.D. Pa. Apr. 5, 2022) ("Counsel's failure to open the link and actually read the document does not toll the commencement of the period, just as it would not if he simply failed to open mail delivered in the traditional manner.").
[107] *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 788 (10th Cir. 2017) (unpublished).

access important documentation related to that charge when he is made aware of it. Because the evidence shows that Mr. Odunze had notice of and access to the Determination and Notice of Rights on January 27, 2024, that is the date the 90-day period began under 42 U.S.C. § 2000e-5(f)(1). Mr. Odunze did not file his lawsuit until May 13, 2024,[108] 107 days after the first notice email was received. Thus, the Report's conclusion that Mr. Odunze's Title VII claims are untimely as a matter of law and should be dismissed is correct.

### C.    State Law Claims

After recommending that Mr. Odunze's Title VII claims be dismissed, the Report further recommends that the court decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims.[109] Mr. Odunze objects that the magistrate judge failed to properly consider relevant factors of judicial economy, convenience, and fairness.[110]

When "all claims over which it has original jurisdiction" have been dismissed, a district court may decline to exercise supplemental jurisdiction over the remaining claims.[111] The Supreme Court has stated that, if "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[112] Similarly, the Tenth Circuit has held that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[113] However, while "notions of comity and federalism demand that a state court try its own lawsuits," a district court may exercise its discretion to retain state law claims when, "given the

---

[108] Complaint, ECF No. 1, filed May 13, 2024.
[109] Report 17–18.
[110] Objection 13.
[111] 28 U.S.C.A. § 1367(c).
[112] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).
[113] *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."[114]

The Report correctly noted that district courts should usually decline to exercise supplemental jurisdiction when only state claims remain.[115] The factors set out by the Tenth Circuit support dismissal in this case. Mr. Odunze's claims have been pending for less than two years.[116] Much of that time has been spent briefing Defendant's Motion for Summary Judgment and engaging in various discovery disputes.[117] There is no indication that the parties are close to trial or that the discovery they have already completed will not be usable in state court proceedings. Furthermore, it is not unfair to the parties to require Mr. Odunze's state law claims to be litigated in state court. And by statute,[118] Plaintiff would have 30 days from a dismissal here to refile in state court. Thus, the court agrees that it will decline to exercise supplemental jurisdiction over the remaining state claims, which will be dismissed without prejudice.

## II.    Motion for Equitable Tolling

The Report also denies Mr. Odunze's Motion for Equitable Tolling, concluding that he failed to present any evidence that the EEOC made false representations to him that caused his filing delay.[119] Mr. Odunze objects that the magistrate judge misapplied the Tenth Circuit's equitable tolling standards and that his time should be tolled because he relied on language in the

---

[114] *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).
[115] Report 17.
[116] *See generally* Docket.
[117] *Id.*
[118] 28 U.S.C.A. § 1367(d).
[119] Report 15–16.

16

mailed notice stating that "[r]eceipt generally occurs on the date that you (or your representative) view this document."[120]

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[121] "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"[122] Additionally, in the Tenth Circuit "a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements."[123] Thus, equitable tolling may be appropriate when a plaintiff is "lulled into inaction" by a federal agency, is "actively misled," or is prevented from asserting his or her rights "in some extraordinary way."[124] "This is a high bar to overcome."[125]

Here, the court does not need to decide if the language that Mr. Odunze points to in the notice rises to the level of "active deception"[126] because he was not sufficiently diligent in pursuing his rights prior to receiving the letter. The Tenth Circuit has held that a plaintiff's own

---

[120] Objection 12.

[121] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[122] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida,* 549 U.S. 327, 127 (2007)).

[123] *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 260 (10th Cir. 1994) (emphasis in original).

[124] *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996).

[125] *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021).

[126] The EEOC's language in the notice regarding when receipt "generally" occurs is somewhat unhelpful. On the one hand, for claimants who are diligently checking their email and mail, the statement may be accurate in that receipt and review may often occur on the same day. On the other hand, for claimants who are not diligent about attending to their email or mail, the statement about viewing the statement being related to receipt is incorrect. However, the qualifying phrase that receipt only "generally" occurs by viewing the letter—as opposed to "always" or other categorical language—along with other language in the notice implying that receipt could be linked to the arrival of a letter or email, could be enough to make the statement fall short of being "active deception." *See* Determination and Notice of Rights 4, 6 (stating that receipt "generally" occurs on the date the document is viewed and referring to "email or envelope" as potential records of receipt).

17

failure to open a NRTS letter from the EEOC is not grounds for equitable tolling.[127] Plaintiff knew that he had filed a charge with the EEOC, earlier provided the EEOC with his email address, and received two separate emails from the EEOC informing him that a decision had been reached and that his 90-day period to sue was running.[128] Mr. Odunze received those emails,[129] but he declares that he failed to read them because, as he puts it, his email inbox is "inundated" with spam emails and is organized "oddly."[130] This created a multi-week delay after the 90 days began to run before Mr. Odunze saw the physical EEOC letter.[131] A cluttered email inbox is not an "extraordinary" circumstance that would prevent an otherwise diligent plaintiff from asserting his rights. Neither is "odd" organization within the email account. Additionally, elsewhere Mr. Odunze states that he "did not at all access or enter [his] personal email account . . . in any manner in the period of January 27, 2024 through February 17, 2024," suggesting that the issue was simply failure to check his email.[132] If Mr. Odunze had opened the EEOC email when it first arrived, there would have been no misconception regarding the 90-day deadline. The magistrate judge did not err in holding that equitable tolling is not warranted in this case.

---

[127] *Ajalla v. White*, 81 F. App'x 715, 719 (10th Cir. 2003) (unpublished) ("We have previously held that a plaintiff's personal decision as to when to open his mail is not grounds for equitable tolling."); *see also Million v. Frank,* 47 F.3d 385, 389 (10th Cir. 1995) ("The doctrine of equitable tolling cannot be applied simply because the plaintiff chose to examine his mail on a weekly basis rather than as it arrived. . . . Had plaintiff acted diligently, he could have filed his action in a timely manner.").
[128] Jan. 27, 2024, EEOC Email; Feb. 4, 2024, EEOC Email.
[129] *Id.*
[130] Odunze Declaration (Objection) ¶ 19. The court further notes that Mr. Odunze variably describes when he first saw these emails as on or after April 21, 2024 (Opp'n Declaration ¶ 57), "sometime after this lawsuit was filed" (the suit was filed in May 13, 2024) (Objection Declaration ¶ 19), and on August 29, 2024 after defense counsel sent them to him (Odunze's Proposed Amended Opp'n 15, ECF No. 64-1 at 4–45, filed Aug. 4, 2025).
[131] Odunze Declaration (Opp'n) ¶ 14.
[132] Odunze's Proposed Amended Opp'n 15.

18

### III.   Motion to Amend

Next, the Report denies Mr. Odunze's Motion to Amend his Opposition to the Motion for Summary Judgment.[133] The magistrate judge noted that Mr. Odunze had already received almost two months of extensions to file his Opposition and that the proposed amendments primarily lengthened the fact and argument sections to rebut Defendant's Reply.[134] The magistrate judge thus considered the Motion as a request to file a sur-reply and denied it after finding that the additional information therein would not be helpful to the court.[135] Mr. Odunze objects that this was error but does not explain why.[136] As a ruling on a non-dispositive motion, the court reviews this conclusion for clear error.[137] Having done so, the court finds none.

### IV.   Other Objections

Finally, Mr. Odunze objects that the Report fails to address Defendant's lack of an appendix for the Motion for Summary Judgment and that it improperly ruled on three motions at once.[138] These objections are without merit. While Lake Effect's Motion for Summary Judgment failed to include an appendix as required by DUCivR 56-1(e),[139] Mr. Odunze never raised or objected to its absence in his Opposition.[140] It is not error for the magistrate judge to decline to address *sua sponte* a minor procedural defect. Further, Mr. Odunze fails to point to any rule or case law supporting his contention that a magistrate judge may not rule on separate but related

---

[133] Report 8.
[134] *Id.* at 6, 8.
[135] *Id.* at 6–7.
[136] Objection 12.
[137] Fed. R. Civ. P. 72(a).
[138] Objection 12–13.
[139] DUCivR 56-1(e).
[140] *See* Opp'n.

19

motions in a single report and recommendation.[141] Accordingly, all of Mr. Odunze's objections are overruled.

### ORDER

Plaintiff's [184] Objection is OVERRULED. The [145] Report and Recommendation is ADOPTED IN PART and MODIFIED IN PART. Defendant's [38] Motion for Summary Judgment is GRANTED. Plaintiff's [75] Plaintiff's Motion for Equitable Tolling and [64] Motion to Amend are DENIED.

Signed March 30, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[141] Objection 13.