UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PROMISE N. ODUNZE,<br><br>Plaintiff,<br><br>v.<br><br>LAKE EFFECT, LLC; CELESTE HEWLETT; DOES I-X; AND ROE ENTITIES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [127], [133], [136], [176], [177], AND [178] PLAINTIFF'S OBJECTIONS**<br><br>Case No. 2:24-cv-00341-DBB<br><br>District Judge David Barlow |

Before the court are six objections by Plaintiff Promise N. Odunze to various magistrate judge orders.

**BACKGROUND**

This case is based on allegations by Plaintiff Promise Odunze that he was racially and sexually discriminated against by Defendants while working as their employee.[1] Mr. Odunze is proceeding *pro se* in this case, which was referred to Magistrate Judge Romero under 28 U.S.C. 636(b)(1)(B).[2] On April 22, 2025, Defendant Lake Effect filed a motion for summary judgment.[3] On December 16, 2025, Plaintiff filed his own motion for summary judgment.[4]

On January 5, 2026, the magistrate judge entered an order temporarily restricting the acceptance of motions.[5] At the time that order was entered, there were twenty-one pending

---

[1] *See generally* First Amended Complaint, ECF No. 32, filed Mar. 14, 2025.
[2] *See* ECF No. 4.
[3] Lake Effect Motion for Summary Judgment ("Lake Effect MSJ"), ECF No. 38, filed Apr. 22, 2025.
[4] Odunze Motion for Summary Judgment ("Odunze MSJ"), ECF No. 94, filed Dec. 16, 2025.
[5] Order Restricting Motions ("Motion Restriction"), ECF No. 116, entered Jan. 5, 2026.

1

motions in the case.[6] The majority of those motions were related to various discovery disputes,[7] but two motions for summary judgment were pending as well.[8] The order stated:

> In order to allow the court to resolve Plaintiff's multiple motions and Lake Effect's dispositive motion, the court hereby notifies the parties that the court will not accept any new motions as of the date of this order. Any new motion that is filed will be lodged and will not be considered. The only exception to this is motions for extension of time relating to the briefing of existing motions. Once the existing motions have been decided, the court will, if needed, lift the ban on filings.[9]

Following this restriction, Plaintiff lodged three objections to the magistrate judge's orders.[10]

On February 6, 2026, the magistrate judge issued a Report and Recommendation recommending that Lake Effect's Motion for Summary Judgment be granted.[11] Following this Report, the magistrate judge denied several pending non-dispositive motions and Plaintiff's pending Motion for Summary Judgment as moot.[12] The magistrate judge also lifted the earlier filing restriction and issued an order designating all lodged motions as active.[13] Mr. Odunze then filed three additional objections relating to these actions.[14] The court subsequently overruled a

---

[6] *Id.* at 1.

[7] *Id.*

[8] *See* Lake Effect MSJ; Odunze MSJ.

[9] Motion Restriction 1–2.

[10] *See* Objection in Part to the January 5, 2026, ECF No. 116 Order ("First Objection"), ECF No. 127, filed Jan. 19, 2026; Objection in Part to the January 7, 2026, ECF No. 120 Order ("Second Objection"), ECF No. 133, filed Jan. 20, 2026; Objection in Part to the January 12, 2026, ECF No. 124 Order ("Third Objection"), ECF No. 136, filed Jan. 26, 2026.

[11] Report and Recommendation ("Report Granting Lake Effect MSJ"), ECF No. 145, entered Feb. 6, 2026.

[12] Docket Text Order Mooting Non-Dispositive Motions ("Order Mooting Motions"), ECF No. 146, entered Feb. 6, 2026; Report and Recommendation ("Report Denying Odunze MSJ"), ECF No. 149, entered Feb. 9, 2026.

[13] Docket Text Order Lifting Motion Restriction ("Order Lifting Restriction"), ECF No. 147, entered Feb. 6, 2026.

[14] See Objection in Part to the Feb. 6, 2026, ECF No. 146 Order ("Fourth Objection"), ECF No. 176, filed Mar. 9, 2026; Objection in Part to the February 9, 2026, ECF No. 149 Report and Recommendation ("Fifth Objection"), ECF No. 177, filed Mar. 9, 2026; Objection in Part to the February 4, 2026, ECF No. 144 Order ("Sixth Objection"), ECF No. 178, filed Mar. 9, 2026.

separate objection to the Report, granted Defendant Lake Effect's Motion for Summary Judgment on Mr. Odunze's Title VII claims, and dismissed all state claims without prejudice.[15]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[16] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[17] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[18]

When resolving objections to a Report and Recommendation, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[19] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]

## DISCUSSION

### I.    First Objection

Plaintiff first objects to the magistrate judge's order stating that the court will not accept it denies him "meaningful access to the court."[21] Specifically, Mr. Odunze contends that, because none of his previous motions have been "adjudged or held as frivolous or vexatious," a filing

---

[15] Order Overruling Plaintiff's Objection and Granting Defendant's Motion for Summary Judgment ("Order Overruling Objection"), ECF No. 185, entered Mar. 30, 2026.

[16] Fed. R. Civ. P. 72(a).

[17] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[18] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (cleaned up).

[19] 28 U.S.C. § 636(b)(1)(C) (2018).

[20] *Id.*

[21] *Id.*

restriction against him is unlawful.[22] It is true that restrictions on a party's ability to file with the court cannot be supported by litigiousness alone and usually require some finding of frivolity.[23] But such a restriction is not at issue here.

The magistrate judge's order did not prevent the parties from filing anything with the court.[24] It merely notified the parties that the court will not "accept any new motions" until other pending motions had first been resolved.[25] The parties were still able to file motions, they were merely lodged for a short time.[26] Notably, Mr. Odunze was able to file several motions while the order was in effect,[27] each of which was designated as active as soon as the temporary order was lifted.[28]

The magistrate judge's order was not a filing restriction. It was not limited to any one party, instead applying to the case as a whole, and it did not prevent the parties from filing their motions.[29] It was merely a docket management approach that informed the parties of the magistrate judge's intention to focus on currently pending motions before turning to new disputes. It has now been lifted, and all motions that were filed and lodged are once again active.[30] The order fell within the court's broad power over docket management and was not clearly erroneous.[31]

## II.    Second Objection

---

[22] *Id.* at 7.

[23] *Jones v. Jones*, 820 F. App'x 659, 669 (10th Cir. 2020) (unpublished).

[24] *See* Motion Restriction 1–2.

[25] *Id.*

[26] *Id.*

[27] *See* ECF Nos. 117, 118, & 121.

[28] Order Lifting Restriction.

[29] Motion Restriction 1–2.

[30] Order Lifting Restriction.

[31] *See In re Peterson,* 338 F. App'x 763, 764 (10th Cir. 2009) (unpublished) ("District courts have broad power to manage their dockets.").

Mr. Odunze next objects to a magistrate judge order granting his request for an amended scheduling order.[32] The court entered a scheduling order in this case on May 13, 2025.[33] This order, among other things, set a September 21, 2025, deadline for the parties to file motions to amend their pleadings or add additional parties.[34] On September 21, 2025, the date of this deadline, Mr. Odunze filed a motion to extend his time to amend the pleadings and add parties.[35]

On December 20, 2025, Mr. Odunze filed another motion to extend all the scheduling order deadlines by 180 days.[36] Because Defendants did not respond, the magistrate judge found grounds to grant the motion as to all remaining case deadlines.[37] This amended scheduling order extended the remaining case deadlines by 180 days but did not set a new deadline for adding parties or amending the pleadings.[38] Mr. Odunze objects to the magistrate judge extending the other case deadlines without also setting a new deadline to add parties or amend the pleadings.[39]

This objection is meritless. Mr. Odunze's argument centers on showing that his motion for an extension included requests to extend the "add-and-amend date."[40] But there is no requirement that the magistrate judge grant all the relief requested in a motion. Just because the magistrate judge found sufficient grounds to extend remaining case deadlines does not mean it was clear error to refuse to revive and extend a deadline that had already passed.

## III.  Third Objection

---

[32] *See* Second Objection 1.
[33] Scheduling Order, ECF No. 45, entered May 13, 2025.
[34] *Id.* at 5.
[35] Motion for Extension of Time to Amend and Add/Join Parties, ECF No. 82, filed Sep. 21, 2025.
[36] Motion to Extend All Discovery Scheduling Order Deadlines, ECF No. 103, filed December 20, 2025.
[37] Amended Scheduling Order, ECF No. 120, entered Jan. 6, 2026.
[38] *See id.*
[39] Second Objection 1.
[40] *Id.* at 2.

Plaintiff also objects to the magistrate judge's order granting in part a defense motion for an extension of time to respond to Plaintiff's motion for summary judgment.[41] In the order, the magistrate judge denied Defendants' request for an indefinite extension of time to respond and granted an alternative request for a four-week extension.[42] Plaintiff does not object to the granting of this extension.[43] Instead, he objects to language in the order in which the court admonishes him for repeatedly making unfounded accusations of misconduct by the defendants.[44] In the order, the magistrate judge states:

> The court notes that Plaintiff inappropriately makes numerous unfounded, inflammatory accusations of misconduct by Defendants. While the court agrees that a stay is not warranted, the court admonishes Plaintiff for his repeated use of this accusatory language against Defendants in his filings.[45]

Mr. Odunze argues that this language is "clearly erroneous" because it is vague and because his accusations are accurate.[46] But such an objection requests no relief. The admonishment has no legal effect on Plaintiff that this court could overturn. It is merely a warning that Mr. Odunze's arguments should be centered on legal standards rather than on accusations of bad faith and misconduct without any evidentiary support. There is no clear error in such an admonishment.

## IV.    Fourth Objection

---

[41] Third Objection 1.
[42] Order Granting Extension of Time, ECF No. 124, entered Jan. 12, 2026.
[43] *See* Third Objection.
[44] *Id.* at 1–2; *see also* ECF No. 124 at 1.
[45] ECF No. 124 at 1.
[46] Third Objection 8–9.

Mr. Odunze next objects that the magistrate judge erred in prematurely denying as moot twelve separate motions relating to non-dispositive discovery issues.[47] He argues that the order was erroneous and premature because it mooted the pending motions based solely on the magistrate judge's recommendation that Lake Effect's Motion for Summary Judgment be granted without waiting for the district court to actually grant the motion.[48] Because the court has now granted Defendant's Motion for Summary Judgment,[49] there is no longer any basis for Mr. Odunze's objection, and it is denied as moot.

## V.      Fifth Objection

Similarly, Mr. Odunze objects to the magistrate judge's recommendation that his Motion for Summary Judgment be dismissed as moot on the grounds that Lake Effect's competing motion was already granted.[50] As explained above, the basis for Mr. Odunze's objection is now moot given that the court has granted Defendant's Motion for Summary Judgment.[51] Furthermore, the court agrees that, because Mr. Odunze's Title VII claims fail as a matter of law and the court declines to exercise supplemental jurisdiction over his remaining state claims,[52] his Motion for Summary Judgment must be denied as moot.

## VI.     Sixth Objection

---

[47] Fourth Objection 1; Order Mooting Motions.
[48] Fourth Objection 2.
[49] *See* Order Overruling Objection.
[50] Fifth Objection 1.
[51] *See* Order Overruling Objection.
[52] *Id.*

Finally, Mr. Odunze Objects to the magistrate judge's order[53] granting Defendant Celeste Hewlett's request to withdraw her admissions.[54] Plaintiff submitted requests for admission to Defendant Hewlett, but Ms. Hewlett failed to timely serve her responses due to an email error.[55] This resulted in all of Mr. Odunze's requests being deemed "admitted" under Rule 36 of the Federal Rules of Civil Procedure.[56] Ms. Hewlett moved to withdraw her admissions under Rule 36(b).[57] After considering the matter, the magistrate judge found that permitting withdrawal would promote the presentation of the merits of the action and would not prejudice Mr. Odunze.[58] Ms. Hewlett's motion was granted.[59]

Mr. Odunze objects to this order, arguing that the magistrate judge mischaracterized the arguments in his opposition brief, misapplied the Rule 36(b) standard, failed to consider Plaintiff's other pending discovery motions, and reached the wrong conclusion when considering the Rule 36(b) factors.[60] Because this is a discovery dispute, the court reviews the magistrate judge's order for clear error.[61] Having done so, the court finds no such error. The magistrate judge correctly applied the factors set forth in Rule 36(b) and supported the ruling with Tenth Circuit case law that is directly applicable to the issue here.[62]

---

[53] Order Granting Request to Withdraw Admissions ("Admissions Order"), ECF No. 144, entered Feb. 4, 2026.

[54] Request to Withdraw Admissions (Admissions Motion"), ECF No. 102, filed Dec. 18, 2025.

[55] Admissions Order 1–2.

[56] Fed. R. Civ. P. 36(a)(3).

[57] Admissions Motion 1–2.

[58] Admissions Order 3–4.

[59] *Id.* at 5.

[60] Sixth Objection.

[61] Fed. R. Civ. P. 72(a).

[62] *See* Admissions Order; *see also Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) ("Here, the admissions at issue conceded the core elements of [Plaintiff's] case. . . . Thus, allowing the admissions to be withdrawn would subserve the presentation of the merits of the action. . . . "[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.").

## ORDER

Plaintiff's [127], [133], [136], [176], [177], and [178] Objections are OVERRULED. The

[149] Report and Recommendation is ADOPTED, and Plaintiff's [94] Motion for Summary

Judgment is DENIED as MOOT.

Signed March 31, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

9