IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PROMISE N. ODUNZE<br><br>　　　　Plaintiff,<br>v.<br><br>LAKE EFFECT, LLC; CELESTE HEWLETT; DOES I-X; AND ROE ENTITIES I-X,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [114], [117] MOTIONS FOR SPOLIATION AND SANCTIONS**<br><br>Case No. 2:24-cv-00341-DBB-CMR<br><br>Judge David Barlow<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court are two Motions for Spoliation and Sanctions (Motions) (ECF 114, 117) filed by pro se Plaintiff Promise N. Odunze (Plaintiff). Plaintiff seeks sanctions against Defendants Lake Effect (Lake Effect) and Celeste Hewlett (Hewlett) (collectively, Defendants) for alleged spoliation of evidence consisting of surveillance video footage (first Motion) (ECF 114 at 1) and "When I Work" scheduling data (second Motion) (ECF 117 at 1). Hewlett filed an opposition to the first Motion (ECF 130), and Lake Effect opposed both Motions (ECF 131, 154). Having considered the relevant filings, the court finds that oral argument is not necessary. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motions.

## I.　LEGAL STANDARDS

"Spoliation is ... the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *Moreno v. Taos Cty. Bd. of Comm'rs*, 587 F. App'x 442, 444 (10th Cir. 2014) (quoting *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003)). Spoliation sanctions are appropriate when the party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced by the destruction of the evidence." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006). "The moving party has the burden to establish each element of spoliation by a

1

preponderance of the evidence." *Velez v. Metro. Water Dist. of Salt Lake & Sandy*, No. 2:24-CV-00258, 2025 WL 2985992, at *2 (D. Utah Oct. 23, 2025).

Although it is within this court's discretion to issue spoliation sanctions, "[t]he entry of default judgment or the imposition of adverse inferences require a showing of bad faith[.]" *Amann v. Off. of Utah Att'y Gen.*, No. 218CV00341JNPDAO, 2023 WL 7218696, at *2 (D. Utah Nov. 2, 2023) (quoting *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015)). "'Mere negligence in losing or destroying' evidence is not enough to warrant these two forms of sanctions." *Id.* (quoting *Turner v. Pub. Serv. Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009)). Entry of judgment based on spoliation represents "an extreme sanction." *Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).[1]

## II.   DISCUSSION

According to Plaintiff, the video footage was captured by Lake Effect's video surveillance system and depicts a December 11, 2021, incident where Plaintiff alleges Hewlett assaulted him (ECF 114 at 1). Plaintiff contends that Defendants had a duty to preserve this evidence yet "in bad faith greenlighted the destruction" of the video footage (*id.* at 1–2). On this basis, Plaintiff seeks an adverse inference, striking of Defendants' pleadings and motions, and default judgment as sanctions for spoliation of evidence (*id.* at 2). As to the scheduling data, Plaintiff claims that Lake Effect used an electronic scheduling system called "When I Work" to schedule/track employee

---

[1] *Ehrenhaus* outlines five factors courts must consider before entering judgment as a sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Amann*, 2023 WL 7218696, at *2 (quoting *Ehrenhaus*, 965 F.2d at 920). While Plaintiff filed both Motions as pre-trial (and pre-judgment) Motions seeking default judgment, among other sanctions, as a discovery sanction, the court does not consider default judgment as a sanction given that the court has already dismissed Plaintiff's claims (ECF 185) and entered judgment in favor of Lake Effect (ECF 187).

work shifts and that this evidence would show that he did not miss a work shift as claimed by Lake Effect (ECF 117 at 1). Plaintiff asserts that Defendants had a duty to preserve the scheduling data but much like the video footage, in bad faith allowed its destruction (*id.* at 2).

### A. Hewlett

Hewlett opposes the first Motion on the grounds that the video footage has never been in her possession, custody, or control and therefore had no duty to preserve it (ECF 130 at 2). Although Hewlett did not file an opposition to the second Motion, the court finds that this same argument would apply to the scheduling data. Though no party has provided evidence showing possession, custody, or control of either the video footage or the scheduling data, Plaintiff has the burden to prove a duty to preserve. Moreover, both categories of evidence are of the type that would be kept by an employer like Lake Effect, rather than individual employees like Hewlett. The court therefore concludes that there is no basis to seek spoliation sanctions against Hewlett and DENIES the Motions as to sanctions against Hewlett as Plaintiff has not met his burden of demonstrating a duty to preserve.

### B. Lake Effect

Lake Effect opposes both Motions on the grounds that the allegations of spoliation are merely speculative because Plaintiff has not shown that any relevant evidence ever existed or that a duty to preserve had arisen (ECF 131 at 2–3). Lake Effect argues that Plaintiff offers only speculation that video surveillance captured the alleged incident and that Plaintiff's six-month delay in filing an EEOC complaint eliminated "any basis for a preservation obligation at the time any routine overwriting occurred" (*id.* at 2). Lake Effect also points to Plaintiff's four-year delay in raising any issue regarding the scheduling data (*id.*; ECF 154 at 2–3). The court agrees with

Lake Effect. Plaintiff has not proven by a preponderance of the evidence a duty to preserve or bad faith on the part of Lake Effect.

While the first Motion details the alleged employment incident which occurred in December of 2021, an "extensive surveillance video system," and Plaintiff's allegation that Lake Effect destroyed the video footage, the Motion does not adequately address a duty to preserve the evidence. Though Plaintiff does argue that a report of an assault and battery on the date it occurred should have apprised Lake Effect that a "lawsuit/legal action is eminent/foreseeable," this does not sufficiently demonstrate by a preponderance a duty to preserve. There is no factual or legal support for why being informed of an assault at a workplace would put the employer on notice that a lawsuit or claim was imminent. The first Motion also fails to address any timeline to support this statement. For example, the incident occurred in 2021, but the first Motion does not address when the video footage was destroyed, when Lake Effect was first put on notice of a possible or actual lawsuit, or any other supporting facts for the court to sufficiently address a duty to preserve.

The second Motion suffers from the same lack of factual support. For example, the second Motion does not address how it is that the evidence existed or when the "When I Work" scheduling data was destroyed relative to when Lake Effect had notice of a potential issue or lawsuit. The second Motion is also unclear on the operative date at issue: initially the second Motion identifies January 8, 2022, as the date of the shift Plaintiff alleges that Lake Effect incorrectly claims he missed, but later January 8, 2025, is identified as the date. While the operative timeline may be 2022, where Plaintiff has the burden to prove spoilation by a preponderance of the evidence, such inconsistencies do not meet this standard.

Even assuming Plaintiff demonstrated a duty to preserve, as to bad faith, Plaintiff's allegations in the Motions at most show "mere negligence" in destroying this evidence, which is

4

not enough to warrant the extreme sanctions that Plaintiff requests. *See Amann*, 2023 WL 7218696, at \*2. Where Plaintiff has not even provided any evidence that the specific video footage or scheduling data even existed, the court does not find any basis to impose spoliation sanctions on Lake Effect and therefore DENIES the Motions as to sanctions against Lake Effect.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES the Motions (ECF 114, 117). Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections. Fed. R. Civ. P. 72(a), (b); 28 U.S.C. §§ 636(b)(1)(A), (B)

IT IS SO ORDERED.

DATED this 31 March 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah